**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0248-17T2

NATIONSTAR MORTGAGE, LLC,

    Plaintiff-Respondent,

v.

MOSZELL STAGGERS,

    Defendant.

_____

> Submitted November 15, 2018 – Decided January 3, 2019
>
> Before Judges Simonelli and DeAlmeida.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-044794-13.
>
> Law Offices of Abe Rappaport, attorneys for appellant 169 Claremont Associates, LLC (Abe M. Rappaport and Kevin J. Bloom, on the brief).
>
> RAS Citron, LLC, attorneys for respondent (Christopher Ford, on the brief).

PER CURIAM

Appellant 169 Claremont Associates, LLC (Claremont) appeals from the September 8, 2017 order of the Chancery Division denying its motion for relief from the court's January 10, 2017 order vacating a Sheriff's sale in this foreclosure matter. We dismiss the appeal as moot.

We derive the following facts from the record. On March 18, 2016, the Chancery Division entered a final judgment of foreclosure in favor of plaintiff Nationstar Mortgage, LLC (Nationstar) with respect to a parcel in Jersey City (the property). On August 4, 2016, Claremont was the successful third-party bidder at a Sheriff's sale of the property with a bid of $131,000. Claremont paid the required twenty-percent deposit to the Sheriff at the time of the sale. The conditions of the sale required Claremont to tender the balance of the bid within ten days. Claremont was notified in writing that failure to tender the remainder of the bid would result in a relisting of the property and retention of the deposit for distribution by the court. Claremont did not tender the remainder of its bid.

In a letter delivered to Claremont's counsel on October 6, 2016, plaintiff's counsel informed Claremont that if it failed to complete its bid by October 17, 2016, plaintiff would move to vacate the August 4, 2016 sale. Claremont did not respond to the letter or tender the remainder of its bid. As a result, on December 8, 2016, plaintiff moved to vacate the August 4, 2016 sale.

2

On January 10, 2017, the trial court granted plaintiff's unopposed motion, vacated the sale, and ordered Claremont's deposit forfeited. The court found that Claremont had not fulfilled the conditions of the sale by failing to tender the outstanding portion of its bid within ten days of the sale. The property was relisted for a Sheriff's sale on August 10, 2017.

On August 9, 2017, Claremont filed an order to show cause seeking to stay the August 10, 2017 Sheriff's sale and vacate the January 10, 2017 order. In support of the order to show cause, Claremont's counsel certified he had not been served with plaintiff's motion to vacate the August 4, 2016 sale or the January 10, 2017 order. Notably, he did not certify that Claremont had tendered the remainder of its bid, or was ready, willing, and able to do so.

On August 10, 2017, the trial court adjourned the relisted Sheriff's sale to September 14, 2017, to permit Claremont to file a motion for relief from the January 10, 2017 order. In its subsequently filed motion, Claremont reiterated that its counsel had not been served with plaintiff's motion to vacate the August 4, 2016 sale. In addition, counsel certified that he became aware of the January 10, 2017 order "sometime in May 2017," but did not explain why Claremont waited until August 9, 2017, the day before the relisted Sheriff's sale, to seek relief from the trial court. Although counsel asked that the court allow

Claremont to complete the purchase of the property, he did not certify that Claremont was ready, willing, and able to tender the remainder of its bid.

On September 8, 2017, the trial court denied Claremont's request for relief from the January 10, 2017 order and to stay the September 14, 2017 Sheriff's sale. The court found that any defect in plaintiff's service of its motion to vacate the August 4, 2016 sale was cured by Claremont's opportunity to move for relief from the January 10, 2017 order. In addition, the court concluded Claremont produced no evidence that it had completed its bid prior to entry of the January 10, 2017 order and, therefore, the basis for entry of that order was sound.

On September 14, 2017, the property was sold at Sheriff's sale to another third-party bidder, 169 Claremont, LLC, for a winning bid of $230,000. The second winning bidder completed its bid in a timely fashion. The Sheriff's deed memorializing the sale was recorded on January 31, 2018. Also on September 14, 2017, but after the Sheriff's sale was completed, Claremont filed this appeal.

The property has been sold to a bona fide third-party purchaser in the absence of a pending legal challenge to the sale. As a result, the relief requested by Claremont, the opportunity to complete its bid on the property, would be ineffective. In light of this development, Claremont's appeal has been rendered moot, warranting dismissal. See R. 2:8-2. We have considered Claremont's

4

request, not raised in the trial court, to vacate the September 14, 2017 sale to permit Claremont to purchase the property, at a purchase price lower than that obtained at the later sale, and reject it as without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

The appeal is dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0248-17T2